
FILED

NOV 29 2012

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES L. NELSON, | Cause No. CV-12-06-BLG-RFC-CSO |
| Plaintiff, | |
| v. | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF US MAGISTRATE JUDGE** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

### INTRODUCTION

On July 16, 2012, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendations (*Doc. 19*) with respect to Plaintiff James Nelson's ("Nelson") appeal from the Commissioner of Social Security's ("Commissioner") decision denying his application for disability insurance benefits ("DIB") and supplemental social security income ("SSI"). Judge Ostby was presented with cross

motions for summary judgment and recommends that Nelson's motion be granted, the Commissioner's motion be denied, and the Commissioner's decision to deny benefits be reversed. Judge Ostby further recommends the matter be remanded for calculation and payment of benefits.

In sum, Judge Ostby found evidence to support Nelson's disability and concluded that the Commissioner improperly rejected opinions of Nelson's treating physicians, Dr.Howell and Dr. Trotsky, and inadequately determined that Nelson lacked credibility respecting his functional limitations. Judge Ostby found these errors dispositive and, when considered together other evidence, concluded Nelson was disabled under the Act. Judge Ostby also found the record sufficiently developed and that no useful purpose would be served in remanding the matter for further proceedings.

## DISCUSSION

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, the Commissioner filed a timely objection on July 24, 2012. Nelson responded to the Commissioner's objections on August 7, 2012. The Commissioner's objections obligate this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which an objection is made. 28 U.S.C. § 636(b)(1).

Local Rule 72.3 governs objections to a magistrate judge's findings and recommendation and provides in part:

(a) An objection filed pursuant to 28 U.S.C. § 636(b)(1) must itemize:

(1) each factual finding of the Magistrate Judge to which objection is made, identifying the evidence in the record the party relies on to contradict that finding; and

(2) each recommendation of the Magistrate Judge to which objection is made, setting forth the authority the party relies on to contradict that recommendation.

In this case, the Commissioner objects to the Findings and Recommendations in their entirety. The Commissioner argues that the "ALJ's decision is supported by substantial evidence and is legally sound." *Doc. 20 p. 3*.

The Commissioner must directly identify specific portions of the Findings and Recommendation it finds objectionable which were not otherwise addressed in the initial briefs.[1] Consequently, this Court will review *de novo* only specific itemized objections.

---

[1] "'It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a Report and Recommendation, as the 'goal of the federal statute providing for the assignment of cases to magistrates is to 'increas[e] the overall efficiency of the federal judiciary.'" *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y.,1992) quoting *McCarthy v. Manson*, 554 F.Supp. 1275, 1286 (D.Conn.1982), aff'd, 714 F.2d 234 (2d Cir.1983).

## I. The Opinions of Treating Physicians

The Commissioner argues that the ALJ had a reasonable basis upon which to discount the opinions of treating physicians Dr. Howell and Dr. Trotsky. The Court notes the almost identical argument and factual recital was presented to Judge Ostby. See *Doc. 15 p. 3-8*.

Nevertheless, Judge Ostby, recognizing that she is not permitted to re-weigh the evidence, found the ALJ erred in rejecting the opinions of Dr. Howell and Dr. Trotsky. *Court Doc. 19 p. 14*. Judge Ostby cites *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9 Cir.1995), noting that a treating physician's opinion is generally entitled to greater weight. *Id.* at 15. In order to disregard such opinions an ALJ must articulate " 'specific and legitimate reasons' supported by substantial evidence in the record." *Molina v. Astrue*, 674 F.3d 1104,1111 (9th Cir. 2012) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, th725 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)).

With respect to Dr. Howell, Judge Ostby found, based on the record, that the ALJ failed to articulate specific and legitimate reasons necessary to discount the opinion of a treating physician. See *Doc.19 p. 19-24*. This Court agrees that a treating physician's opinion should not be discounted simply because it evolves over the course of treatment. Additionally, this Court agrees that a treating physician's

non-referral of a patient to a specialist is largely irrelevant to their underlying opinion concerning disability level. Judge Ostby provides compelling support in the record in finding the ALJ erred by failing to provide specific and legitimate reasons for affording Dr. Howell's opinion limited weight.

With respect to Dr. Trotsky, after reviewing the record this Court agrees that his opinion was mainly consistent with Dr. Howell's observations - during the relevant period. See *Tr. 653-659*. Further, while his treatment of Nelson was somewhat limited, Dr. Trotsky worked in the same facility as Dr. Howell, had access to his records, and thus his opinion should not have been discounted based on lack of support. *Id. at 659*.

In sum, the record does not provide compelling legitimate and specific reasons validating giving treating physicians' opinions limited weight.

## II. Nelson's Credibility

An ALJ must support his credibility finding "with specific, clear and convincing reasons." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir.2011) (citation omitted). Further, "[i]f the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir.2008).

The Court finds Judge Ostby properly found that the ALJ erred in finding that

Nelson was not fully credible due to allegedly inconsistent statements about his military status and family history. Specifically, Judge Ostby notes that Nelson's statements were consistent with the evaluation prepared by psychologist Dr. Tom Peterson, which corroborates Nelson's statements concerning his family history. Compare *Tr. 73, 505*. Judge Ostby also points out that the ALJ did not afford Nelson a chance to fully respond concerning his military service. See *Tr. at 103*. Finally, Judge Ostby correctly notes that certain experts upon whose opinions the ALJ otherwise placed great weight, found Nelson's allegations credible. See *Tr. at 455, 494*. The fact that those experts' opinions on Nelson's disability differ from treating physicians is of no consequence with respect to his credibility.

In sum, after a *de novo* review, the Court finds Judge Ostby properly determined that the ALJ did not articulate specific clear and convincing reasons, supported by substantial evidence, in finding Nelson not credible.

### III. Remand for Immediate Award of Benefits.

For the reasons set forth in Judge Ostby's Findings and Recommendations, the Court finds that remanding the matter back to the Commissioner for further deliberations, on a fully developed record, would serve no useful purpose. It is soundly within the Court's discretion to remand for the immediate payment of benefits. See *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996) (" [The Court ]

may direct an award of benefits where the record has been fully developed and where further proceedings would serve no useful purpose"). Therefore, based on the foregoing it is proper to remand this matter for an immediate award of benefits in accordance with Judge Ostby's recommendation.

## CONCLUSION

Based on the foregoing, and after a *de novo* review, the Court determines the Findings and Recommendation (Doc. 19) of Magistrate Judge Ostby are sufficiently grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Accordingly, IT IS HEREBY ORDERED that Nelson's motion for summary judgment (Doc. 11) is GRANTED, and the Commissioner's motion for summary judgment (Doc. 14) is DENIED. IT IS FURTHER ORDERED that the Commissioner's decision denying DIB and SSI be REVERSED and this matter be REMANDED for calculation and payment of benefits.

The Clerk of Court shall notify the parties of the making of this Order

DATED this 29th day of November, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE